**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| JI SONG ZHENG, | ) | |
| *Plaintiff*, | ) | |
| v. | ) | No. 1:26-cv-00267-JMD |
| GARY STOLZER, et al. | ) | |
| *Defendants*. | ) | |

**ORDER**

Ji Song Zheng, a Chinese citizen, was ordered to deport more than three decades ago. Zheng violated that order and remained in the United States. Rather than detain Zheng and enforce that deportation order, the Federal Government permitted him to remain free on supervised release.

According to Zheng, that changed on July 6 of this year when ICE detained him, allegedly without explanation, after he reported to a scheduled check-in. Nearly four months later, Zheng petitioned this Court for a writ of habeas corpus. In that petition, he expressly waives any challenge to his deportation order. Instead, he argues that ICE's decision to detain him pending deportation without explanation violates the agency's regulations, the Fifth Amendment, and the Administrative Procedure Act. *See* ECF 1; 8 C.F.R. §§ 241.13(i), 241.4(l); U.S. Const. amend. V; 5 U.S.C. § 706.

On the afternoon of November 10, Zheng filed an emergency motion for a temporary restraining order, asserting that the Federal Government is scheduled to deport him today, November 11. Because he seeks emergency relief, Zheng must "carr[y] the burden of persuasion" by "a clear showing," which is what the Supreme Court requires for "an

extraordinary and drastic remedy" like a temporary restraining order. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis omitted).

The Court issues this order first thing in the morning after the emergency motion was filed. On this short time frame, it is far from clear that the Court has jurisdiction over Zheng's petition. Federal law generally strips courts of jurisdiction to review discretionary immigration decisions by the Secretary of Homeland Security or the Attorney General. 8 U.S.C. § 1252(a)(2)(B)(ii); *Khasratov v. Stolzer*, No. 1:26-cv-00173-JMD, 2026 WL 3228092, at *1 (E.D. Mo. Oct. 28, 2026). Some courts have tried to evade this bar by drawing a distinction between "ICE's substantive decision to revoke [an] order of supervised release" and "the manner in which ICE effected that revocation." *Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 155 (W.D.N.Y. 2025). But it is far from clear that this distinction is tenable. Zheng, for example, asks the Court to weigh in on an area rife with discretionary decisions by the Attorney General or Secretary of Homeland Security, such as whether "on account of changed circumstances, the [agency] determines that there is a significant likelihood that [Zheng] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2) (stating that the government "may revoke an alien's release" in these circumstances). The Court doubts that it has jurisdiction to assess the Secretary's or Attorney General's assessments of the situations in other countries.

The Court need not definitively address the jurisdictional issue, however, because Zheng has filed an emergency motion. "[C]ourts need not always start with the jurisdictional ground if the claim for interim relief would also fail on the merits." *Mullin v. Doe*, 609 U.S. 324, 346 (2026). The four factors a court assesses when considering emergency relief are the likelihood of success on the merits, the threat of irreparable harm, the balance of the equities, and the public interest. *WPX Energy Williston, LLC v. Fettig*, No. 25-1083, 2026 WL 2618609

(8th Cir. Sept. 4, 2026). For several reasons, Zheng has failed to establish entitlement to emergency relief by a "clear showing." *Mazurek*, 520 U.S. at 972 (emphasis omitted).

First, the balance of equities favors the government. Zheng does not challenge the final deportation order. He instead says he should simply remain on supervised release pending deportation. But deportation is scheduled to occur imminently. At most, his release would spare him a few hours of confinement before his removal. The government, on the other hand, would face the logistical hurdles of having to enforce deportation on somebody who is not detained, who has long refused to comply with an existing order, and who could (in light of the anticipated pending deportation) prove to be a high flight risk. Indeed, because of Zheng's imminent deportation, his entire lawsuit will become moot imminently.

Second, Zheng has not made a "clear showing" that he deserves equitable relief. Habeas is an "equitable" remedy that district courts can deny as a matter of "discretion." *Brown v. Davenport*, 596 U.S. 118, 132 (2022); *Hurst v. Adams*, No. 4:24-cv-01666-JMD, 2025 WL 3718303, at *5 (E.D. Mo. Dec. 23, 2025). And it is black-letter law, "rooted in the historical concept of court of equity as a vehicle for affirmatively enforcing the requirements of conscience and good faith," that a person "who comes into equity must come with clean hands." *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945); *see also Trump v. CASA, Inc.*, 606 U.S. 831, 832 (2025) (generally constraining federal district courts to "only those sorts of equitable remedies 'traditionally accorded by courts of equity' at our country's inception" (citation omitted)). For three decades, Zheng has failed to comply with the final deportation order. True, in an act of enforcement discretion, the Federal Government previously declined to enforce that deportation order. But Zheng had a legal obligation to comply voluntarily, and the Federal Government's previous nonenforcement decisions do not erase his noncompliance. Perhaps in particularly unusual circumstances, a

person who has failed to comply with the law can still obtain equitable relief. But in this emergency posture, Zheng has not made a "clear showing" of entitlement to equitable relief.

**IT IS HEREBY ORDERED** that petitioner's motion for an emergency temporary restraining order, ECF 4, is **DENIED**. **IT IS FURTHER ORDERED** that—particularly in light of the imminent deportation—the petition for a writ of habeas corpus, ECF 1, is **DISMISSED**.

Dated this 11th day of November, 2026

Joshua Divine

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI